**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CORY SYLVIA,

      *Plaintiff,*

vs.

      Case No. 13-CV-2534-EFM-TJJ

JAMES L. WISLER and
DAVID TREVINO,

      *Defendants.*

**MEMORANDUM AND ORDER**

Plaintiff Cory Sylvia ("Plaintiff") seeks monetary damages from his previous attorneys, Defendants James L. Wisler and David Trevino, for alleged legal malpractice and breach of contract. This matter is before the Court on Defendants' Motions to Dismiss (Docs. 9 and 11). For the reasons stated below, Defendants' Motions are granted in part and denied in part.

**I.    Factual and Procedural Background**

This matter arises from Defendants' representation of Plaintiff in a lawsuit against his former employer, Goodyear Tire & Rubber Company ("Goodyear") for wrongful termination. Plaintiff began working for Goodyear in 1983. During his employment, Plaintiff sustained several injuries for which he filed workers' compensation claims. On May 8, 2009, Plaintiff was terminated from Goodyear for allegedly failing to notify his employer of a medically necessary absence, in violation of a "Last Chance Agreement" between Plaintiff and Goodyear. On

December 10, 2009, Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") alleging that his termination violated the Americans with Disabilities Act ("ADA").  On August 17, 2010, Plaintiff was awarded substantial compensation by the Kansas Division of Workers' Compensation for his claims against Goodyear.  On March 24, 2011, Plaintiff received a right to sue letter from the EEOC with regard to his claim of disability discrimination.

On March 28, 2011, Plaintiff met with and retained Defendants' law firm, Wisler & Trevino, L.C., to file a lawsuit on his behalf against Goodyear for wrongful termination.  Plaintiff alleges that, during this meeting, Defendants orally agreed to file five claims on his behalf: (1) disability discrimination in violation of the ADA, (2) disability discrimination in violation of the Kansas Act Against Discrimination ("KAAD"), (3) violation of the Family Medical Leave Act ("FMLA"), (4) FMLA retaliation, and (5) workers' compensation retaliation.  Plaintiff's written contract with Wisler & Trevino, L.C., however, stated as follows:

> Cory Sylva has been wrongfully discharged due to disability discrimination and FMLA violation/retaliation and Workers' Compensation retaliation from Goodyear Tire and Rubber on or about May 9, 2009.  The firm will file suit in federal court in Kansas on one or more of these claims.[1]

On May 5, 2011, Trevino filed a complaint on Plaintiff's behalf in the United States District Court of Kansas, docketed as Case No. 11-04047-CM-JPO.  The complaint set forth three claims: (1) improper interference in violation of the FMLA, (2) discrimination in violation of the FMLA, and (3) discrimination in violation of the KAAD.[2]  While not specifically presented as a separate claim, or directly mentioned in any of the included claims, the complaint

---

[1] Complaint, Doc.1, p. 5.  The spelling of Plaintiff's name is incorrect in the original document.

[2] Plaintiff's Memorandum in Opposition to Trevino's Motion, Doc. 20-1.

did generally note that, at the time of his termination, Plaintiff had pending workers' compensation claims against Goodyear.[3]

Sometime after Plaintiff retained Wisler and Trevino, the firm entered the dissolution process. On July 22, 2011, Wisler filed a notice of withdrawal of counsel on behalf of Trevino and entered his own appearance as counsel of record in Case No. 11-04047. The pleading stated in relevant part:

> Wisler Law Office L.C. hereby informs the Court that Wisler & Trevino, L.C. is in the process of dissolving and is no longer litigating cases. James L. Wisler is the manager for purposes of dissolution.
>
> Plaintiff has been contacted via mail and has chosen James L. Wisler of Wisler Law Office L.C. to continue representing him.[4]

Nearly simultaneous to this substitution of counsel, Plaintiff received a favorable decision from the Social Security Administration awarding him disability benefits under the Social Security Act. As a result of this decision, Wisler discussed at length with Plaintiff the possibility of dismissing Case No. 11-04047. Plaintiff allegedly requested that Wisler leave the case in court until such time as Plaintiff could find another attorney to pursue the case on his behalf. However, on July 26, 2011, Wisler filed a motion to voluntarily dismiss Case No. 11-04047 without prejudice. According to Plaintiff, Wisler repeatedly reassured him that his claims were well-preserved and could be refiled once Plaintiff secured a new attorney.

On November 10, 2011, a complaint was filed by Plaintiff's new attorney against Goodyear in the United States District Court of Kansas, docketed as Case No. 11-02619-JTM-GLR. The complaint set forth four claims: (1) interference in violation of the FMLA, (2)

---

[3] Plaintiff's Memorandum in Opposition to Trevino's Motion, Doc. 20-1, p. 2.

[4] Complaint, Doc. 1, p. 6.

retaliation in violation of the FMLA, (3) wrongful discharge in violation of the Employee Retirement Income Security Act, and (4) discrimination in violation of the ADA.[5] The complaint did not include a claim for workers' compensation retaliation because, according to Plaintiff, by November 2011, the claim was time-barred.[6]

On March 15, 2012, Goodyear filed a motion for judgment on the pleadings in Case No. 11-02619 alleging that Plaintiff's claim for disability discrimination in violation of the ADA was also time-barred. The court agreed and granted Goodyear's motion.[7] On August 22, 2012, Plaintiff settled all of his remaining claims against Goodyear for a "modest" amount.[8]

On October 16, 2013, Plaintiff filed this claim against Defendants alleging legal malpractice and breach of contract. With regard to the legal malpractice claim, Plaintiff alleges that: (1) Defendants failed to represent him with the reasonable care, skill, and diligence possessed and exercised by an attorney in similar circumstances; (2) Defendants failed to amend the complaint in Case No. 11-04047 to include a claim of workers' compensation retaliation; and (3) Wisler erroneously advised Plaintiff that his claims in Case No. 11-04047 were well-preserved and could be refiled upon the case's voluntary dismissal. Plaintiff simultaneously alleges that Defendants breached their contract with Plaintiff by failing to amend the complaint in Case No. 11-04047 to include a claim for workers' compensation retaliation. Defendants now seek to dismiss Plaintiff's claims in their entirety.

---

[5] Trevino's Motion to Dismiss, Doc. 11-2.

[6] The complaint also failed to include a claim for disability discrimination in violation of the KAAD because a claim was never properly filed with the Kansas Human Rights Commission.

[7] *Sylvia v. Goodyear Tire & Rubber Co.*, 2012 U.S. Dist. LEXIS 58196, at *2 (D. Kan. Apr. 26, 2012) (order granting motion for judgment on the pleadings).

[8] Complaint, Doc. 1, p. 8.

## II.     Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[9] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[10] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[11] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests.[12] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[13] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[14] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[15]

---

[9] FED. R. CIV. P. 12(b)(6).

[10] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

[11] *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[12] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

[13] *Iqbal*, 556 U.S. at 678-79.

[14] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[15] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

### III.     Analysis

**Count I: Legal Malpractice**

As an initial matter, the Court recognizes that Plaintiff attempts to hold Defendants liable under both tort and contract.  Kansas courts recognize that "[b]ecause an action for negligence against an attorney relies on a contract for employment, a legal malpractice claim generally contains elements of both tort and breach of contract."[16]  In such circumstances, the court must determine the true nature of the claim.

Generally, a breach of contract is "a material failure of performance of a duty arising under or imposed by agreement . . . [while a] tort, on the other hand, is a violation of a duty imposed by law, a wrong independent of contract."[17]  A claim for legal malpractice can be brought as a breach of contract claim when "the act complained of is a breach of specific terms of the contract without any reference to the legal duties imposed by law upon the relationship created thereby."[18]  The claim may be brought in tort when "the essential claim of the action is a breach of duty imposed by law upon the relationship of attorney/client and not of the contract itself . . . ."[19]  "A plaintiff may not frame a contract action as a tort action or a tort action as a contract action merely to avoid the legal limitation of one particular cause of action."[20]  Given this standard, the Court must first determine "whether the actions or omissions complained of

---

[16] *Paolucci v. Render Kamas Law Firm*, 2013 WL 3967963, at *4 (D. Kan. Aug. 1, 2013) (citing *Pancake House, Inc. v. Redmond*, 239 Kan. 83, 85-86, 716 P.2d 575 (Kan. 1986)).

[17] *Pancake House,* 239 Kan. at 85, 716 P.2d at 578.

[18] *Id*.

[19] *Id*.

[20] *Jeanes v. Bank of Am., N.A.*, 40 Kan. App. 2d 281, 286, 191 P.3d 325, 330 (Kan. Ct. App. 2008).

constitute a violation of duties imposed by law, or of duties arising by virtue of the alleged express agreement between the parties."[21]

Kansas courts have previously considered whether a claim for legal malpractice stems from tort or contract. In *Juhnke v. Hess*,[22] the plaintiff client sued his attorney for negligently failing to file a timely notice of appeal. In his pleadings, the plaintiff alleged that the attorney had been specifically contracted to file an appeal in an underlying case. The defendant filed a motion to dismiss, arguing that the plaintiff's cause of action was barred by the two-year statute of limitations on claims arising in tort. The trial court granted the motion.

On appeal to the Kansas Supreme Court, the plaintiff argued, *inter alia*, that his petition alternatively stated a claim for relief based on breach of contract for which the statute of limitations had not yet run. The Court noted the absence of a consensus amongst courts in other jurisdictions as to whether alleged negligence in the rendering of professional services constituted a tort or breach of contract. However, the Court recognized that the majority favored the contract approach "where the contract breached is one to obtain a specific result or to assure the effect of legal services rendered."[23] In examining the plaintiff's complaint, the Court held that it "pleaded breach of a specific contract–failure to do that which [the attorney] expressly agreed to perform."[24] It therefore reversed summary judgment and remanded the case back to the trial court for further consideration.

---

[21] *Id*. (internal citations omitted).

[22] 211 Kan. 438, 506 P.2d 1142 (Kan. 1973).

[23] *Id*. at 441, 506 P.2d at 1145.

[24] *Id*.

More recently, in *Jeanes v. Bank of America, N.A.*,[25] the appellate court found that a plaintiff's claim of legal malpractice sounded in tort. The plaintiff was the sole heir and administrator of her aunt's estate. Upon her aunt's passing and final administration of her estate, the plaintiff sued, among other parties, the attorney who had drafted her aunt's will and trust documents, alleging negligence, breach of fiduciary duty, and breach of contract. The plaintiff based her claims on the attorney's alleged failure to protect the aunt's assets from substantial tax liability upon death. The defendant attorney filed for and was granted summary judgment on the breach of contract claim.

On appeal, the plaintiff argued that the trial court erred when it failed to consider her breach of contract claim. In its analysis, the appellate court found the plaintiff's breach of contract claim to be "nebulous," and noted that the plaintiff did not "point to any evidence or language in her petition that state[d] that [the attorney] had failed to do something which she had specifically agreed or contracted to do."[26] The appellate court therefore affirmed the trial court's grant of summary judgment with respect to the breach of contract claim.[27]

Here, Plaintiff's claim is most similar to that presented in *Juhnke*. Plaintiff entered into a contract with Wisler & Trevino, L.C. for legal services, namely to file a claim of wrongful termination against Goodyear based on a variety of grounds. Plaintiff now alleges that Defendants failed to do exactly that by not asserting a claim of workers' compensation retaliation. Although Plaintiff classifies his legal malpractice claim as a tort action and uses

---

[25] 40 Kan. App. 2d 281, 191 P.3d 325 (Kan. Ct. App. 2008).

[26] *Id*. at 288, 191 P.3d at 331.

[27] *See also Paolucci*, 2013 WL 3967963, at *9 (holding that where an attorney failed to inform his client of settlement funds and ultimately wrongfully obtained settlement funds that were due to the plaintiff, the claim for legal malpractice sounded in tort).

language such as "negligence" and "duty," it is clear that his claims against Defendants stem from a breach of contract. "[W]here doubt exists as to whether an action is based on implied contract or tort, words appropriate to a tort action will be disregarded and the petition will be treated as sounding in contract."[28]  Plaintiff fails to set forth a facially plausible argument that Defendants violated a legal duty, and therefore committed a tort, by not filing a petition that contained a claim for workers' compensation retaliation.  As such, the Court grants Defendants' motions to dismiss Count I for legal malpractice.  The remainder of this decision will focus on Plaintiff's claim for breach of contract.

**Count II: Breach of Contract**

To the extent Plaintiff alleges a claim for breach of contract, he must allege facts supporting the elements of breach of contract under Kansas law.  These elements include: (1) the existence of a contract between the parties, (2) consideration, (3) Plaintiff's performance or willingness to perform in compliance with the contract, (4) Defendants' breach of the contract, and (5) damages as a result of the breach.[29]

Here, Plaintiff alleges sufficient facts to withstand a motion to dismiss: (1) he entered into a contract for legal services with Wisler & Trevino, L.C.; (2) at the time he entered into the contract, based on a conversation with Wisler and Trevino, he was under the impression that suit would be filed against Goodyear on a total of five claims, including workers' compensation retaliation; (3) Trevino breached this contract by filing suit on only three claims, none of which was workers' compensation retaliation; (4) both Wisler and Trevino breached the contract by failing to amend the complaint to include a claim for workers' compensation retaliation; and (5)

---

[28] *Juhnke*, 211 Kan. at 441, 506 P.2d at 1145.

[29] *See, e.g., Britvic Soft Drinks, Ltd. v. ACSIS Techs., Inc.*, 265 F. Supp. 2d 1179, 1187 (D. Kan. 2003).

as a result of this breach, Plaintiff suffered damages by settling his claims with Goodyear for less than what he potentially could have had the complaint included a claim for workers' compensation retaliation.[30]

The Court notes that neither Defendant actually argues that Plaintiff fails to adequately set forth a claim for breach of contract. Instead, Defendants attempt to show that there was no breach of contract and, even if there was, Plaintiff certainly cannot *prove* breach because to do so would require Plaintiff to rely on parol evidence. Whether or not a breach occurred and the details of whether either party can now prove the existence or absence of such a breach is a matter more appropriately decided on summary judgment. For the moment, Plaintiff has satisfied his obligation: to set forth a facially plausible claim for breach of contract.

However, finding that Plaintiff has sufficiently pled a claim for breach of contract raises an additional issue: whether or not Plaintiff has filed suit against the proper party. In his motion to dismiss, Trevino alleges, and Plaintiff admits, that Plaintiff entered into a contract for legal services with the law firm Wisler & Trevino, a now dissolved limited liability company, *not* the individual Defendants. Therefore, Trevino claims, Plaintiff's alleged breach of contract claim is against the firm, not Wisler and Trevino as individuals.

Under Kansas law,

> [e]xcept as otherwise provided . . . the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company *solely by reason of being a member or acting as a manager of the limited liability company.*[31]

---

[30] Complaint, Doc. 1.

[31] K.S.A. § 17-7688(a) (emphasis added)

It seems, however, based on Plaintiff's Complaint, that he is not attempting to hold Wisler and Trevino liable for breach of contract *solely* based on their positions as a member or manager of Wisler & Trevino, L.C.  Rather, Plaintiff seemingly attempts to hold Defendants individually liable for the role they played in filing, or not filing, his claims as allegedly agreed to.  "Kansas has recognized that officers and agents of a corporation may be held *personally liable* for the tortious acts of the corporation and *any breach of contract* in which they have willfully participated."[32]

Here, although he does not use the phrase "willfully participated," Plaintiff alleges that Wisler and Trevino as individuals: (1) met with Plaintiff to discuss a lawsuit against Goodyear, (2) agreed to file a complaint against Goodyear on Plaintiff's behalf, (3) only filed three out of the five claims that they initially agreed to file, and (4) failed to amend the complaint to include all five claims.  Plaintiff also alleges that Wisler dismissed Plaintiff's complaint against Goodyear despite Plaintiff's request that Wisler leave the complaint in federal court until Plaintiff could obtain new counsel.  Based on these allegations, the Court finds that Plaintiff has set forth a facially plausible claim holding Wisler and Trevino individually liable for breach of contract sufficient to withstand a motion to dismiss.[33]  Therefore, Defendants' motions to dismiss are denied as to Count II.

---

[32] *Morris v. Allstate Corp.*, 2009 WL 1873805, at *6 (D. Kan. June 30, 2009) (citing *Kirk v. H.G.P. Corp.*, 208 Kan. 777, 779, 494 P.2d 1087 (Kan. 1972) (emphasis added)) (holding that, based on the facts pled in the petition and Kansas law, there was a possibility that the plaintiffs would be able to establish a breach of contract claim against the individual representative of the defendant corporation); *contra Hensley v. Orscheln Farm and Home, LLC,* 2012 WL 628207, at *7-9 (D. Kan. Feb. 27, 2012) (finding no individual liability for representatives of the defendant corporation where the plaintiff failed to allege willful participation by the individual defendants).

[33] The Court acknowledges that, in response to Trevino's claim of improper party, Plaintiff simply alleges that it is plausible that Wisler & Trevino, L.C. was not properly dissolved.  While this may or may not be true, Plaintiff fails to show how, even if the firm was not properly dissolved, this would therefore impute liability to Defendants as individuals.

**IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss (Docs. 9 and 11) are hereby **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED**.

Dated this 19th day of June, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE