## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CORY SYLVIA

       *Plaintiff,*

  vs.

JAMES L. WISLER, DAVID TREVINO and
XPRESSIONS, L.C.,

       *Defendants.*

Case No. 13-2534-EFM-TJJ

## MEMORANDUM AND ORDER

Plaintiff Cory Sylvia brings this lawsuit against Defendants James L. Wisler, David Trevino, and Xpressions, L.C. ("Xpressions"), alleging breach of contract. Before the Court are Wisler and Xpressions' Motion for Summary Judgment (Doc. 49) and Trevino's Motion for Summary Judgment (Doc. 51). For the reasons stated below, the Court grants both motions.

### I.  Factual and Procedural Background[1]

Defendants Wisler and Trevino are attorneys who represented Plaintiff Sylvia. Defendant Xpressions is the entity that was previously named the Law Offices of James Wisler, L.C. before Wisler retired from the practice of law. This matter arises from Wisler and Trevino's representation of Sylvia on a wrongful discharge claim.

---

[1] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party.

Sylvia alleges that Goodyear Tire & Rubber Company ("Goodyear") wrongfully terminated him on May 9, 2009.  He received a right to sue letter from the Equal Employment Opportunity Commission on March 24, 2011.  On March 28, Sylvia retained Wisler and Trevino's firm to represent him on any claims he may have against Goodyear.  That day, Sylvia read and signed a contract with the firm.  The contract stated as follows:

> Cory Sylvia has been wrongfully discharged due to disability discrimination and [Family and Medical Leave Act] violation/retaliation and Workers Compensation retaliation from Goodyear Tire and Rubber on or about May 9, 2009.  The firm will file suit in federal court in Kansas on one or more of these claims.

Sylvia claims that Wisler verbally assured him in person that the firm would file all of the claims.[2]

On May 5, Wisler and Trevino filed a complaint on Sylvia's behalf in the United States District Court of Kansas.  The complaint set forth three claims: (1) improper interference in violation of the Family and Medical Leave Act ("FMLA"); (2) discrimination in violation of the Americans with Disabilities Act ("ADA"); and (3) discrimination in violation of the Kansas Act Against Discrimination.  While not specifically presented as a separate claim, the complaint generally noted that Sylvia had pending workers' compensation claims against Goodyear at the time of his termination.  After the firm filed the complaint, Sylvia called Wisler and asked why claims for FMLA retaliation[3] and workers' compensation retaliation were not included.  Sylvia maintains that Wisler assured him over the phone that the other two claims would be filed later.[4]

---

[2] Defendant Wisler controverts that he ever made this statement, but maintains this issue is not material to the motion.  Defendant Trevino does not controvert this claim for the purposes of this motion only.

[3] Although Sylvia inquired about the omission of both retaliation claims, he only alleged a breach in his complaint for the firm's failure to bring the workers' compensation retaliation claim.

[4] Again, Wisler controverts this statement, and Trevino does not controvert it for the purposes of this motion only.

Sometime after Sylvia had retained Wisler and Trevino, their firm began the dissolution process.  Sylvia elected to have Wisler continue his representation, and Trevino withdrew from the case on July 22.  Also around this time, Sylvia received a favorable decision from the Social Security Administration ("SSA") awarding him disability benefits under the Social Security Act.  As a result of this decision, Wisler suggested that they move to dismiss the case without prejudice.  After discussions with Wisler, Sylvia consented to the dismissal.  On July 26, Wisler filed a motion to dismiss the complaint against Goodyear without prejudice, and it was granted.  Wisler then sent a letter to Sylvia, explaining he could not argue in good faith that Sylvia was entitled to lost wages because Sylvia was collecting disability benefits from the SSA.

Sylvia obtained different counsel and filed a new case against Goodyear in November.  The new complaint alleged wrongful discharge based on four claims: (1) interference in violation of the FMLA; (2) retaliation in violation of the FMLA; (3) wrongful discharge in violation of the Employee Retirement Income Security Act; and (4) disability discrimination in violation of the ADA.  The Court dismissed Sylvia's ADA claim, finding it was time-barred.  Sylvia ultimately settled with Goodyear for $12,000.

Sylvia filed the complaint against Wisler and Trevino in this case on October 16, 2013.  Initially, he asserted claims of both legal malpractice and breach of contract.  Wisler and Trevino each filed a motion to dismiss both claims.  The Court granted the motions to dismiss the malpractice claim, but denied the motions to dismiss the breach of contract claim.  Sylvia then filed an amended complaint naming Xpressions as an additional defendant in the breach of contract claim.

Sylvia argues that Wisler and Trevino each breached an agreement to include a claim for workers' compensation retaliation in the complaint filed against Goodyear.  Additionally, Sylvia

asserts that Wisler and Xpressions (formerly the Law Offices of James Wisler, L.C.) committed breach of contract by not waiting until Sylvia obtained new counsel before dismissing the initial complaint against Goodyear.  Wisler, Xpressions, and Trevino have filed motions for summary judgment on the breach of contract claims, which are now before the Court.

## II.      Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[5] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidenced permits a reasonable jury to decide the issue in either party's favor.[6]  The moving party bears the initial burden of proof, and must show the lack of evidence on an essential element of the claim.[7]  If the moving party carries this initial burden, the non-moving party that bears the burden of persuasion at trial may not simply rest on its pleading but must instead "set forth specific facts" from which a rational trier of fact could find for the non-moving party.[8]  These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[9]  To survive summary judgment, the non-moving party's evidence must be

---

[5] Fed. R. Civ. P. 56(a).

[6] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[7] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322-23 (1986)).

[8] *Id.* (citing Fed. R. Civ. P. 56(e)).

[9] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th. Cir. 1998)).

admissible.[10]  The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[11]

Because this is a diversity case, the Court will apply "federal procedural law and the substantive law that would be applied by the forum state."[12]  Because Kansas is the forum state, the Court must apply its choice-of-law rules for contract disputes.  Under Kansas choice-of-law rules, the *lex loci contractus* doctrine requires the Court to apply the law of the state where the contract is made.[13]  A contract is made where the last act necessary for its formation occurs.[14]  It is uncontroverted that the contract in question was made at Wisler and Trevino's office in Lawrence, Kansas.  Thus, Kansas law governs in this case.

## III.    Analysis

Wisler and Trevino move for summary judgment on Sylvia's claim that they breached an agreement to file a claim for workers' compensation retaliation.  Wisler and Xpressions also move for summary judgment on Sylvia's claim that they breached an agreement not to dismiss the original complaint until Sylvia had obtained new counsel.

## A.  There was no Agreement to File a Claim for Workers' Compensation Retaliation

Sylvia alleges that Wisler and Trevino breached an agreement to file a claim for workers' compensation retaliation.  In support of this claim, Sylvia contends that on behalf of the firm,

---

[10] *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000).

[11] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[12] *Evans v. Orion Ethanol, Inc.*, 2011 WL 2516929, at *1 (D. Kan. June 23, 2011) (citing *Burnham v. Humphrey Hosp. Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005)).

[13] *Bettis v. Hall*, 852 F. Supp. 2d 1325, 1334 (D. Kan. 2012) (citing *Found. Prop. Invs., LLC v. CTP, LLC*, 37 Kan. App. 2d 890, 894-95, 159 P.3d 1042, 1046 (2007)).

[14] *Novak v. Mut. of Omaha Ins. Co.*, 29 Kan. App. 2d 526, 534, 28 P.3d 1033, 1039 (2001) (citing *Wilkinson v. Shoney's Inc.*, 269 Kan. 194, 210, 4 P.3d 1149, 1160 (2000)).

Wisler made two oral promises to file the workers' compensation retaliation claim—once when they executed the written contract, and again after they filed the complaint. Trevino and Wisler dispute that such assurances or agreements were ever made. And so it would seem that there is a factual dispute. But Wisler and Trevino argue that even if the alleged promises were made, they would be inadmissible pursuant to the parol-evidence rule. Therefore, Wisler and Trevino argue that they are entitled to summary judgment because Sylvia failed to produce admissible evidence that demonstrates a genuine issue of material fact.

The parol-evidence rule is one of substantive law.[15] Accordingly, the Court must apply Kansas law.[16] Although the parties group both of the alleged statements into one category of "parol evidence," it is important to note that each alleged statement implicates different principles of contract law. "Parol evidence" simply refers to extrinsic evidence relating to a contract. The parol-evidence rule dictates that when a contract is complete and unambiguous, "parol evidence of a *prior or contemporaneous* agreement or understanding" is inadmissible if it tends to contradict the written contract.[17] Black's Law Dictionary similarly defines the parol-evidence rule as applying to exclude evidence of "earlier or contemporaneous agreements" that alter a written agreement.[18] And so the rule only operates to exclude statements made before or during the time that the written contract in issue was executed.[19] Thus, in this case the parol-

---

[15] *Shelter Mortg. Corp. v. Castle Mortg. Co., L.C.*, 117 F. App'x 6, 10 (10th Cir. 2004).

[16] *Id.* (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

[17] *Thurman v. Trim*, 206 Kan. 118, 121, 477 P.2d 579, 582 (1970) (emphasis added).

[18] *Parol-Evidence Rule*, Black's Law Dictionary (10th ed. 2014).

[19] *See In re Marriage of Behnke and Ingram*, 2015 WL 1311014, at *3, 344 P.3d 971 (Kan. App. 2015) (unpublished table opinion) (holding that parol evidence rule does not apply to parties' actions after contract was executed).

evidence rule only implicates the alleged statements made when Sylvia signed the written contract at Wisler and Trevino's office.  The parol-evidence rule does not apply to the other statement that Wisler allegedly made on the phone after the written contract was executed.  Instead, the issue is whether the later statement constituted a subsequent enforceable oral contract.  Each issue will be addressed in turn.

## 1.   The Parol-Evidenc Rule Bars the Contemporaneous Oral Statement

Sylvia claims that at the time the written contract was executed, Wisler orally promised to bring a claim for workers' compensation retaliation.  This is parol evidence, but Sylvia claims the statement is admissible pursuant to exceptions to the parol-evidence rule.  Sylvia makes four alternative arguments for the admissibility of the parol evidence: (1) the written contract is ambiguous; (2) the written contract is incomplete; (3) the written contract was the result of mistake; and (4) parol evidence is admissible to show a breach of the implied duty of good faith and fair dealing.[20]

### a.   The Written Contract is Unambiguous

Generally, "parol evidence may not be introduced to contradict, alter, or vary the terms of a written instrument."[21]  But parol evidence may be considered if the court determines that the language in a contract is ambiguous.[22]  The question of whether terms of a contract are ambiguous is one of law for the court.[23]  A contract is not ambiguous unless two or more

---

[20] Sylvia also argues that parol evidence is admissible as evidence of a subsequent oral contract, but this argument does not apply to the contemporaneous statement.

[21] *Barbara Oil Co. v. Kan. Gas Supply Corp.*, 250 Kan. 438, 452, 827 P.2d 24, 35 (1992).

[22] *Waste Connections of Kan. v. Ritchie Corp.*, 296 Kan. 943, 963, 298 P.3d 250, 264 (2013).

[23] *Id.* at 964, 298 P.3d at 265.

meanings can be reasonably construed from its provisions.[24]  And the Court should not strain to create ambiguity where, in common sense, there is none.[25]  Rather, in determining whether there is ambiguity, "the language of the contract is to receive a fair, reasonable, and practical construction."[26]

Sylvia argues the alleged oral promise is admissible because the language in the contract is ambiguous.  Specifically, he contends that two or more meanings can be construed from the contract language.  The Court disagrees.  In the written contract, the firm promised to file suit "on one or more" of several enumerated claims.  This language is plain on its face.  The only reasonable interpretation of this claim is that Wisler and Trevino were obligated to file at least one of the listed claims in federal court, but the terms did not limit the filing to just one claim.  And the terms did not obligate the attorneys to bring a specific claim.  Instead, it allowed for them to exercise their discretion in litigating the case.  The language is unambiguous, and the meaning is clear.  The Court will not strain to create ambiguity where there is none.  Because the contract is unambiguous, parol evidence is not admissible to contradict, alter, or vary its terms.

**b.  The Written Contract is Complete**

Sylvia also argues that the contemporaneous parol evidence is admissible because the written contract is incomplete.  The parol-evidence rule does not exclude evidence that explains or supplements an incomplete writing.[27]  In addressing this argument, it is important that the disputed writing is a contract for services and not for the sale of goods.  Thus, the common-law

---

[24] *Iron Mound, LLC v. Nuetera Healthcare Mgmt., LLC*, 298 Kan. 412, 418, 313 P.3d 808, 812 (2013).

[25] *O'Bryan v. Columbia Ins. Group*, 274 Kan. 572, 576, 56 P.3d 789, 793 (2002) (citing *First Fin. Ins. Co. v.Bugg*, 265 Kan. 690, 694, 962 P.2d 515, 519 (1998)).

[26] *Marquis v. State Farm Fire and Cas. Co.*, 265 Kan. 317, 324, 961 P.2d 1213, 1219 (1998).

[27] *Souder v. Tri-County Refrigeration*, 190 Kan. 207, 212, 373 P.2d 155, 160 (1962).

rule, and not K.S.A. § 84-2-202 applies.[28]  K.S.A. § 84-2-202 codifies a modified parol-evidence rule that applies to contracts for the sale of goods.[29]  The common-law rule is more rigid than § 84-2-202.[30]  Under either standard, the Court will not look to extrinsic evidence if the written contract is integrated and unambiguous.[31]  But under the common law rule, the Court presumes that a written contract is integrated and contains the entire agreement.[32]  And at common law, if a written contract is unambiguous, the Court will look to parol evidence only if the writing is silent or incomplete concerning a vital point.[33]  The Court will not consider parol evidence that alters or adds a new dimension to the written agreement.[34]

Sylvia argues that the written contract is incomplete because it does not specifically identify which one of the potential claims Wisler and Trevino would file in court.  He contends that failing to identify one specific claim amounts to silence concerning a vital point.  The Court disagrees.  The written contract was complete on its face, plainly stating that the firm would file suit in federal court on at least one of the several claims.  This is not an incomplete term; rather, it is a flexible term allowing the attorneys to exercise discretion in litigating Sylvia's case.  All of

[28] *See School-Link Techs., Inc. v. Applied Res., Inc.*, 471 F. Supp. 2d 1101, 1111 (D. Kan. 2007) (applying Kansas law) (applying K.S.A. § 84-2-202 to a contract for the sale of goods); *Mildfelt v. Lair*, 221 Kan. 557, 564, 561 P.2d 805, 812 (1977) (noting that K.S.A. § 84-2-202 is a codification of the parol-evidence rule to apply to contracts of sales).

[29] *Mildfelt*, 221 Kan. at 564, 561 P.2d at 812.

[30] *Barbara Oil*, 250 Kan. at 453, 827 P.2d at 35; *see also In re Sunbelt Grain WKS, LLC*, 406 B.R. 918, 920 (Bankr. D. Kan. 2009) (describing § 84-2-202 as the "more liberal parol evidence rule").

[31] *Tri-State Commodities, Inc. v. GSO Am. Inc.*, 18 F. App'x 737, 742-43 (10th Cir. 2001) (applying Kansas law); *Souder*, 190 Kan. at 212, 373 P.2d at 160 (holding that parol evidence is admissible when the written contract is indefinite or incomplete).

[32] *Barbara Oil*, 250 Kan. at 453, 827 P.2d at 35.

[33] *Souder*, 190 Kan. at 212, 373 P.2d at 160.

[34] *Simon v. Nat'l Farmers Org., Inc.*, 250 Kan. 676, 682, 829 P.2d 884, 889 (1992).

the potential claims are named, and the contract specified that at least one of the claims would be filed.  Under Kansas law, the contract is not incomplete.

Contracts that are incomplete under Knasas law typically involve circumstances absent from this case.  Kansas courts have found that a written contract was incomplete when it was silent as to when payment was due.[35]  And Kansas courts have looked to parol evidence when a written contract was entirely silent regarding a separate, collateral agreement.[36]  But the exception can only be used to explain or supplement incomplete or missing terms; it cannot alter or contradict unambiguous terms.  In this case, the parol evidence would alter the plain meaning of the writing.  Instead of having discretion to choose which of the claims to file, Wisler and Trevino would be obligated to file at least one specific claim without exercising any discretion.  The parol-evidence rule prohibits such use of extrinsic evidence.[37]  The written agreement could be carried out as written, and oral evidence may not be introduced to "alter the relationship and add a whole new dimension thereto."[38]

Because the written contract is complete, parol evidence is not admissible to explain or supplement any of its terms.

### c.   Mistake and the Implied Duty of Good Faith are not Relevant to these Motions

Sylvia also contends that the parol evidence is admissible under two alternative theories.  He claims that the evidence is admissible to show that the written contract was the result of a mistake and should be reformed.  Alternatively, he argues that the evidence is admissible to

---

[35] *Souder*, 190 Kan. at 213, 373 P.2d at 160.

[36] *See Brown v. Oliver*, 123 Kan. 711, 256 P. 1008, 1009 (1927).

[37] *Barbara Oil*, 250 Kan. at 452, 827 P.2d at 35 ("[P]arol evidence may not be introduced to contradict, alter, or vary the terms of a written instrument.").

[38] *Simon*, 250 Kan. at 682, 829 P.2d at 889.

show a breach of the implied duty of good faith and fair dealing.  Sylvia did not raise either of these issues in his initial or amended complaint.  Instead, he raises these issues here for the first time in an attempt to survive summary judgment.

This is breach of contract case; reformation based on mistake is a distinct cause of action.[39]  The issue now before the Court is whether Wisler, Trevino, and Xpressions are entitled to summary judgment on the breach of contract claims.  The Court will not consider a new, separate claim for reformation here.  There is no pretrial order in this case, because the deadline for a proposed order had been extended.  In the absence of a pretrial order, the amended complaint controls the case.[40]  Sylvia does not allege mistake in his amended complaint.  Nor does he seek reformation as a remedy.  Because Sylvia did not bring a claim for reformation of the contract based on mistake, he cannot raise this issue to survive summary judgment on the issue of breach.[41]

The same is true regarding Sylvia's claim that parol evidence is admissible to show a breach of the implied duty of good faith and fair dealing.[42]  Sylvia failed to alleged a breach of the implied duty of good faith and fair dealing in his amended complaint.  In fact, the complaint does not mention the implied duty at all.  Instead, Sylvia alleges such a breach for the first time in an attempt to survive summary judgment.

---

[39] *See Law v. Law Co. Bldg. Assocs.*, 295 Kan. 551, 574, 289 P.3d 1066, 1080 (2012) (noting that causes of action for reformation and breach are distinct, with different statutes of limitation).

[40] *See In re West*, 384 B.R. 872, 879 (Bankr. D. Kan. 2008).

[41] *Id.* at 878; *see also Lawmaster v. Ward*, 125 F.3d 1341, 1346 n.2 (10th Cir. 1997) (refusing to address a claim in summary judgment motion that was not raised in the complaint).

[42] It is worth noting that the Court found no authority for this specific exception to the parol-evidence rule.

Whether the contract was a result of mistake and whether there was a breach of the implied duty of good faith and fair dealing are not issues now before the Court. These claims were not alleged in the complaint. So understandably, they were not addressed in the motions for summary judgment. Sylvia cannot defeat summary judgment by raising novel, collateral legal issues that are not the subject of his actual claim. The issue in Sylvia's complaint is whether Wisler and Trevino breached a contract to file a claim for workers' compensation retaliation on his behalf. That is the issue on which the defendants now seek summary judgment. And that is the issue that the Court decides here.

### 2. The Later Statement was not an Enforceable Subsequent Contract

After Wisler and Trevino filed suit on three of the claims, Sylvia contends that Wisler orally promised to bring more claims later. Sylvia argues that this later oral promise constituted a new, enforceable agreement. And so Sylvia argues that Wisler and Trevino breached the subsequent, oral contract to specifically file a claim for workers' compensation retaliation. Wisler denies making the statement, but contends that such an agreement would be unenforceable because it is not supported by consideration.

It is well settled that a written contract may be modified or set aside by a subsequently executed oral contract.[43] Whether a new contract exists depends on the parties' intentions and is a question of fact.[44] But when the legally relevant facts are undisputed, the existence of a contract is a question of law for the Court's determination.[45] The uncontroverted facts show that even if Wisler made this later promise, it was not supported by any consideration.

---

[43] *Bailey v. Norton*, 178 Kan. 104, 108, 283 P.2d 400, 403 (1955).

[44] *Unified Sch. Dist. No. 446, Indep., Kan. v. Sandoval*, 295 Kan. 278, 282, 286 P.3d 542, 546 (2012).

[45] *Id.*

Every contract must be supported by consideration to be enforceable.[46]  Consideration is defined as "any benefit, profit or advantage flowing to the promisor which he would not have received but for the contract, or any loss or detriment to the promisee."[47]  A promise is not supported by consideration "when the promise is given by one party to another without anything being bargained for and given in exchange for it."[48]

Viewed in the light most favorable to Sylvia, there is no evidence that this second promise was supported by consideration.  In his declaration, Sylvia only claims that he called Wisler, and was told that the additional claims would be filed later.  Sylvia does not allege that Wisler bargained for or received any consideration in exchange for this alleged promise.  Nor does Sylvia claim that he incurred any loss or detriment in exchange for the promise.  Nothing was bargained for.  In brief, Sylvia simply alleges that Wisler made an empty assurance. Without consideration, such a statement does not constitute an enforceable contract.

Because there was no enforceable agreement to bring a claim for workers' compensation retaliation, Sylvia's breach of contract claim cannot survive summary judgment.

## B.  Wisler and Xpressions did not Breach the Contract by Dismissing the Initial Complaint

Sylvia argues that Wisler and Xpressions breached contractual obligations by moving to dismiss the initial complaint against Goodyear without prejudice.  To survive summary judgment, the nonmoving party must establish each element of the cause of action.[49]  The elements of breach of contract are: (1) the existence of a contract between the parties; (2)

---

[46] *Dugan v. First Nat'l Bank*, 227 Kan. 201, 211, 606 P.2d 1009, 1017 (1980).

[47] *Temmen v. Kent-Brown Chevrolet Co.*, 217 Kan. 223, 231, 535 P.2d 873, 880 (1975).

[48] *Varney Bus. Servs., Inc. v. Pottroff*, 275 Kan 20, 32, 59 P.3d 1003, 1014 (2002).

[49] *St. Francis Reg'l Med. Ctr., Inc. v. Hale*, 12 Kan. App. 2d 614, 617, 752 P.2d 129, 132 (1988).

-13-

consideration; (3) Plaintiff's performance or willingness to perform in compliance with the contract; (4) Defendants' breach of the contract; and (5) damages as a result of the breach.[50]

Viewed in the light most favorable to Sylvia, the evidence shows the first three elements: a written contract of employment, consideration, and Sylvia's compliance. But Sylvia fails to show how Wisler breached the written contract when he moved to dismiss the initial complaint. Sylvia simply alleges that Wisler "breached his contractual obligations" by dismissing the case. But which contractual obligations? Sylvia never explains the reference. The written contract of employment does not prohibit Wisler from moving to dismiss the case. The contract only obligates Wisler to represent Sylvia and litigate one or more claims on his behalf. Wisler did so by filing a complaint in federal court. And the contract does not bar dismissal of the case. Rather, the contract contemplates the possibility that Sylvia might not recover on any of the claims. In addition, it is uncontroverted that Wisler had Sylvia's consent to move for dismissal. In short, Sylvia contends that Wisler committed breach of contract even though Wisler acted with his consent and no specific contractual term prohibited Wisler's conduct.

Even so, Sylvia argues that Wisler breached his contractual obligations because he dismissed the complaint after making erroneous assurances. In support of this theory, Sylvia cites *Juhnke v. Kansas*.[51] He contends *Juhnke* dictates that an attorney may be liable for breach of contract for erroneously assuring the effect of legal services rendered. But *Juhnke* is distinct from the instant case. In *Juhnke*, the plaintiff sued the defendant for failing to bring a timely

---

[50] *See, e.g., Britvic Soft Drinks, Ltd. V. ACSIS Techs., Inc.*, 265 F. Supp. 2d 1179, 1187 (D. Kan. 2003).

[51] 211 Kan. 438, 506 P.2d 1142 (1973).

appeal when there was an express contract to do so.[52]  The court in *Juhnke* held that the plaintiff

could bring a breach of contract claim because the defendant failed to discharge an express

contractual obligation.[53]   No such express provision exists in this case.  The written contract

does not expressly prohibit Wisler from moving to dismiss the case.  Unlike *Juhnke*, Sylvia

cannot bring a breach of contract claim because Wisler's allegedly erroneous assurances did not

result in the failure to discharge a contractual obligation.

Sylvia has not shown how Wisler breached their written contract by moving to dismiss

the initial complaint.  Because Sylvia has not established each element of a breach of contract

action, he cannot survive summary judgment.

**IT IS THEREFORE ORDERED** that Wisler and Xpressions' Motion for Summary

Judgment (Doc. 49) is **GRANTED**.

**IT IS FURTHER ORDERED** that Trevino's Motion for Summary Judgment (Doc. 51)

is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 26th day of October, 2015.


*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[52] *Id.* at 441, 506 P.2d at 1145 (noting that the plaintiff had contracted for the services of the defendant to file an appeal, and due to his oversight, the defendant failed to do so).

[53] *Id.*